UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Court File No. 19-cr-20 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Chris Morales, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636 and Local Rule 72.1, upon Defendant Chris Morales' (hereinafter "Defendant") Motion to Dismiss Indictment, [Docket No. 56], and upon Defendant's Motion to Supplement the Record from Defendant's Evidentiary Hearing. [Docket No. 68].

The Court held a motions hearing on April 29, 2019, regarding the parties' pretrial motions.[1] At the motions hearing, the parties requested the opportunity to submit supplemental briefing, which was completed on May 20, 2019, at which time Defendant's Motion to Dismiss Indictment, [Docket No. 56], was taken under advisement.

For the reasons discussed herein, the Court recommends that Defendant's Motion to Dismiss Indictment, [Docket No. 56], be **DENIED**.

**I.     BACKGROUND AND STATEMENT OF FACTS**

   **A. Background**

---

[1] The Court addressed the parties' pretrial motions for discovery and production of evidence by separate Order. [Docket No. 67].

Defendant is charged with one count of transfer of obscene materials to minors, in violation of 18 U.S.C. § 1470; one count of coercion and enticement, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2422(b); one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. §§ 2423(f) and 2423(b); production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); and one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. §§ 2423(f) and 2423(b). (Indictment [Docket No. 42]).

**B. Facts**

In his Motion to Dismiss Indictment, [Docket No. 56], Defendant asks this Court to dismiss the Indictment on the grounds that his Sixth Amendment right to counsel was violated pursuant to United States v. Morris, 470 F.3d 596 (6th Cir. 2006), and United States v. Nixon, 318 F. Supp. 2d 525 (E.D. Mich. 2004).

On November 7, 2017, the Beltrami County Sheriff's Office was contacted about a missing 13-year-old girl. The Beltrami County Sheriff's Office, in conjunction with other state and federal agents that were part of the Internet Crimes Against Children Task Force Program, investigated the whereabouts of the missing girl. (April 29, 2019, Motions Hearing, Digital Recording at 12:15–12:19 p.m.).

On November 9, 2017, as a result of that investigation, Defendant was charged by county prosecutors with five counts of possession of pornographic work involving minors in Minnesota state court for images that were on Defendant's cellular phone.

During the course of his state proceedings, which lasted approximately 10 months, Defendant was represented by attorney George Duranske (hereinafter "Mr. Duranske"). Mr. Duranske, who testified that he was very familiar with the state sentencing guidelines but less familiar with the federal sentencing guidelines, testified that he mentioned to Defendant "several

2

times" that he could potentially face federal charges. (Id. at 11:33–11:34 a.m., 11:36–11:37 a.m.). Additionally, Mr. Duranske testified that he discussed the nature of ongoing plea negotiations with Defendant while he was representing Defendant in the state court proceedings. (Id. at 11:47–11:48 a.m.). Mr. Duranske further testified that these plea negotiations occurred with Beltrami County prosecutors and never resulted in a formal written plea offer or agreement. (Id. at 11:48–11:50 a.m.).

Specifically, at the motions hearing, Mr. Duranske testified that "[t]here were discussions that went on between me and the county attorney's office and there were some general concepts exchanged but I don't want to characterize that as a firm offer." (Id. at 11:38–11:39 a.m.).

According to the record, the aforementioned discussions happened on August 22, 2018, when Assistance Beltrami County Attorney Ashley Nelson (hereinafter "Prosecutor Nelson") emailed Mr. Duranske the following:

> I am copying Mike on this email because he is my co-counsel on this case. We met with the victim's parents today and discussed the resolution you proposed. Neither the State nor the victim's parents think a stay with no additional jail time would be appropriate given the facts and circumstances of this case.
>
> However, if [Defendant] takes responsibility for his actions and enters a guilty plea at the pre-trial on September 4 I will not add an additional count of child pornography and a count of third degree criminal sexual conduct. Based on my review of the sentencing guidelines, if he were to be found guilty with the additional charges that we are considering he would face a presumptive commit to prison for 140 months. Please let me know how [Defendant] would like to proceed.

(Ex. 1 [Docket No. 72-1]).[2]

On August 23, 2018, Mr. Duranske responded by asking, "What would be your recommendations if he entered a guilty plea at the pretrial on September 4, 2018?" (Id.). Prosecutor

---

[2] Defendant's Motion to Supplement the Record from Defendant's Evidentiary Hearing, [Docket No. 68], solely included the email exchange between Mr. Duranske and county prosecutors. In its Response, the Government stated that it did not object to the inclusion of the email exchange being included in the record. Accordingly, Defendant's Motion to Supplement the Record from Defendant's Evidentiary Hearing, [Docket No. 68], is granted.

3

Nelson responded by email, "My recommendation would be for a guideline sentence of 39 months." (Id.).

While Mr. Duranske did not talk to any federal prosecutors or federal agents at any time during his representation of Defendant in the state court proceedings, he recalled that he did discuss the possibility of federal charges with county prosecutors and recalled being surprised there had not been any involvement from federal prosecutors. (Id. at 11:37–11:38 a.m.). Furthermore, Mr. Duranske was never presented a no-prosecution letter by the federal government, nor did he receive anything whatsoever from the United States Attorney's Office. (Id. at 11:52–11:53 p.m.).

Mr. Duranske also testified that he had discussed with Defendant that his case could potentially be charged as a federal case. (Id. at 12:00–12:01 p.m.). Mr. Duranske further testified that if he knew that federal prosecutors were considering charges against Defendant that he would have "pushed" Defendant to take any potential plea agreement from the county prosecutors because he knew that generally federal sentencing guidelines carried longer sentences that state sentencing guidelines. (Id. at 11:35–11:36 a.m., 12:01–12:02 p.m.).

## II.      MOTION TO DISMISS INDICTMENT. [DOCKET NO. 56].

Defendant asks this Court to dismiss the Indictment on the grounds that his Sixth Amendment right to counsel was violated pursuant to United States v. Morris, 470 F.3d 596 (6th Cir. 2006), and United States v. Nixon, 318 F. Supp. 2d 525 (E.D. Mich. 2004).[3] (Def.'s Mot. to Dismiss [Docket No. 56]).

---

[3] In United States v. Nixon, the Court ultimately did not decide the defendant's motion to dismiss indictment. Therefore, the case is of limited applicability to the present case and therefore this Court will analyze Defendant's arguments only under United States v. Morris since the Sixth Circuit, in a decision made after United States v. Nixon, decided the issue of whether a defendant's federal indictment could be dismissed for ineffective assistance of counsel during state court proceedings.

**A. Standard of Review**

The Sixth Amendment provides that, "[i]n all prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. A criminal prosecution commences, and the right to counsel attaches, at or after "the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Rothgery v. Gillespie County, 554 U.S. 191, 198 (2008) (citation omitted). "The rule is not 'mere formalism,' but a recognition of the point at which 'the government has committed itself to prosecute,' 'the adverse positions of government and defendant have solidified,' and the accused 'finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law.'" Id. (citation omitted).

Importantly, a defendant's Sixth Amendment right is "offense specific," and cannot be invoked once for all future prosecutions. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991). Thus, even where formal charges have been brought against a defendant in state court, the Sixth Amendment right to counsel does not automatically attach to subsequent federal offenses for which a defendant has not been formally charged. Alvarado, 440 F.3d at 196 (citing Texas v. Cobb, 532 U.S. 162, 168 (2001)). "Instead, the right only includes uncharged offenses that constitute the 'same offense' as one an accused has been formally charged with committing." Id. (citation omitted).

**B. Analysis**

As an initial matter, the Government argues that Defendant's ineffective assistance of counsel is premature because "ineffective-assistance claims are generally better left for post-

conviction proceedings." (Gov't's Resp., [Docket No. 73], at 4). The Government's argument, however, is unpersuasive relative to the present case.

The Government relies on two cases to support its argument. In the first case, United States v. Iverson, 90 F.3d 1340, 1342 (8th Cir. 1996), the Court declined to address the defendant's ineffective assistance of counsel claim on direct appeal because no factual record had been developed regarding her claim. In the second case, United States v. Cook, 356 F.3d 913, 919–920 (8th Cir. 2004), the Court similarly declined to address the defendant's ineffective assistance of counsel claim on direct appeal because "[w]e have only a pro se brief and an undeveloped factual record on the ineffective assistance of counsel claims." The Court went on to state, however, that the defendant's ineffective assistance of counsel claims would be better left to a proceeding under 28 U.S.C. § 2255. Id.

The concerns consistently expressed by the Eighth Circuit regarding a fully developed factual record do not exist in the present case. Instead, the Court presently has a fully developed factual record based on the motions hearing held on April 29, 2019. Accordingly, because there is a fully developed factual record regarding Defendant's ineffective assistance of counsel claim, the Court need not defer consideration of the present motion.

Next, relying on the Sixth Circuit's decision in United States v. Morris, 470 F.3d 596 (6th Cir. 2006), Defendant argues that dismissing a federal indictment is an appropriate remedy to cure deficient legal representation provided to a defendant in a related state-court criminal proceeding. In Morris, the state charged the defendant with firearm and drug-related offenses. Id. The state offered Morris one-to-four years on the drug charge, and two years (to run consecutive) on the firearm count. Id. at 598. Unlike in the present case, the offer also included an agreement that Morris would not be prosecuted in federal court. Id. Morris rejected the state court plea offer in

large part because his attorney, who was inexperienced in federal practice, had been misinformed by the AUSA (through the state prosecutor) of the sentencing guidelines range he would face in federal court. Id. at 598–99. The state court defense attorney had also just received the defendant's case, had not received complete discovery, and had an inadequate opportunity to consult with her client during plea negotiations. Id. at 599. The Court held that under these circumstances, dismissal of the federal indictment was an appropriate remedy: "Dismissal of the federal indictment was within the district court's authority to put Morris back in the position he would have been in but for the denial of his right to counsel in light of the federal prosecutor's entanglement with the state plea process." Id. at 600–01. Even though as a Sixth Circuit Case Morris does not bind this Court, Morris is still distinguishable from the present case for several reasons.

      First and foremost, the record before this Court shows that no state plea deal was ever formally offered by the county prosecutors. So, there was never any actual state plea offer for the Defendant to actually accept or decline. With respect to the plea-bargaining process, prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. Lafler v. Cooper, 556 U.S. 156, 161 (2012). Defendant bears the burden of proving both deficient performance and sufficient prejudice in his ineffective assistance claims. Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992).

      Accordingly, here the Court need not consider whether Defendant met his burden to show that Mr. Duranske deficiently performed or that Defendant suffered sufficient prejudice because no official plea offer was ever made in the state prosecution below. Instead, the record shows that the discussions between Mr. Duranske and the Beltrami County attorney's office never amounted to more than mere informal, preliminary negotiations. In fact, Defendant himself even

acknowledged that he never received a formal plea offer from the Beltrami County Attorney's office. (April 29, 2019, Motions Hearing, Digital Recording at 1:00–1:02 p.m.). Thus, the record presently before this Court does not support Defendant's contention that he received ineffective assistance of counsel as it relates to his state court proceedings.

Even assuming solely for the sake of argument that Defendant had showed that he received ineffective assistance of counsel, unlike Morris, there is no evidence in the present case that there was any entanglement between state prosecutors and the eventual federal prosecutors. Rather, at most there is evidence that state and federal investigators worked together in the initial investigation as part of the Internet Crimes Against Children Task Force Program. As previously discussed, in Morris there was evidence that the federal prosecutor themself interfered with the state prosecutor's discretion. Here, however, there is no such evidence. Rather, the record shows that both the state prosecutor and the federal prosecutor separately exercised their own prosecutorial discretion. State and federal investigators coordinating their investigations is simply not the kind of federal and state prosecutorial entanglement addressed by the Sixth Circuit in Morris, and such initial coordination by investigators alone created no prejudice for Defendant in this federal case. Furthermore, it is well-established that even if Defendant proceeded forward and ultimately accepted a hypothetical state plea offer, that still would not have precluded the federal government from separately the present bringing charges. See, United States v. Garner, 32 F.3d 1305, 1310 (8th Cir. 1994) ("The dual sovereignty doctrine is founded on the common law conception of crime as an offense against the sovereignty of the government. When a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offenses.'").

For the reasons stated above, <u>Morris</u> is plainly distinguishable from the present case. Therefore, because Defendant does not otherwise challenge the four corners of the indictment, there is no basis to dismiss the indictment against Defendant where the grand jury found that there was probable cause to indict Defendant in this case.

Accordingly, the undersigned recommends that Defendant's Motion to Dismiss Indictment, [Docket No. 56], be **DENIED**.

### III. CONCLUSION

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's Motion to Dismiss Indictment, [Docket No. 56], be **DENIED**; and

2. Defendant's Motion to Supplement the Record from Defendant's Evidentiary Hearing, [Docket No. 68], be **GRANTED**.


Dated: June 14, 2019                                s/Leo I. Brisbois
                                                    Leo I. Brisbois
                                                    U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.