UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-20 (DWF/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

CHRIS MORALES,

        Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Laura M. Provinzino and Katharine T. Buzicky, Assistant United States Attorneys, hereby provides this response to the defendant's objections, Doc. No. 77, to the Report and Recommendation, Doc. No. 75. The defendant provides no basis for the indictment to be dismissed. The R&R should be adopted.

## A.  Procedural History

The facts of the case are not in dispute. The government agrees with those presented in the R&R. Doc. No. 75 at 2–4. On November 7, 2017, the Beltrami County Sheriff's Office was contacted about a missing 13-year-old girl. The Beltrami County Sheriff's Office, in conjunction with other law enforcement partners, including the Minnesota Bureau of Criminal Apprehension, and agents that were part of the Internet Crimes Against Children Task Force Program, investigated the case.

As a result of that investigation, on November 9, 2017, Morales was charged with five counts of possession of pornographic work involving minors in Beltrami County for images that were possessed on Morales' Apple iPhone.

The defendant retained George Duranske, III, an experienced defense lawyer as his counsel. Duranske testified that he was familiar with the state and federal sentencing guidelines. Duranske testified that he told the defendant several times that he could face federal charges. Moreover, Duranske testified that he discussed the nature of ongoing plea negotiations with the defendant in the state court proceedings. These discussions occurred with Beltrami County prosecutors and never resulted in a formal written plea offer or agreement. Duranske indicated that while general concepts were exchanged, it was not a "firm offer." Doc. No. 75 at 3. Defendant's post-motions hearing efforts to characterize it as a "formal plea offer," Doc. No. 77 at 3, are inconsistent with the record and the law.

After the hearing, several emails were produced from Duranske. Doc. No. 75 at 3. The County prosecutor requested that Duranske let her know how to proceed. Duranske did not accept any offer but rather asked what the sentencing recommendation would be *if* Morales pled guilty at the pretrial hearing on September 4, 2018. Doc. No. 75 at 3. The response was a sentence of 39 months. Tellingly, no plea was ever entered.

Duranske had no communication with the U.S. Attorney's Office, but he was aware that federal charges could be brought. Duranske, in fact, had told Morales that federal charges could be brought. And he told him that they likely carried stiffer penalties.

Morales testified that he was advised by Duranske that federal charges could be brought; he persisted in his innocence to Duranske of the Beltrami County charges.

In September 2018, prior to Morales' trial in Beltrami County, a criminal complaint was obtained by BCA Special Agent Robert Fraik from the Honorable Jon T. Huseby for the sexual exploitation of children in violation of 18 U.S.C. § 2251, which is more commonly known as production of child pornography. An indictment followed on January 22, 2019 with one count of transferring obscene material to minors on August 4, 2017, in violation of 18 U.S.C. § 1470; one count of coercion and enticement on August 11, 2017, in violation of 18 U.S.C. § 2422(b); two counts of travel with intent to engage in illicit sexual conduct on August 15, 2017 and November 1-7, 2017, in violation of 18 U.S.C. § 2423(b); and one count of production of child pornography on August 29, 2017, in violation of 18 U.S.C. § 2251(a) and (e). No child pornography possession counts were charged federally. Beltrami County dismissed its charges.

## B.      Legal Argument

The Report and Recommendation succinctly addresses and dismisses the defendant's motion to dismiss the indictment. The government has thoroughly briefed the issues earlier and adopts and relies on those arguments without repeating them here. *See* Doc. Nos. 62, 64, 73.

While the government persists in its view that it is premature for the Court to address the issue of ineffective assistance of counsel, *see* Doc. No. 73 at 4, the defendant's claim fails for the additional reasons explained in the R&R.

The crux of the defendant's argument—from its first three-sentence motion—is a misplaced reliance on a Sixth Circuit case, *United States v. Morris*, 470 F.3d 596 (6th Cir. 2006). For many of the same reasons the government distinguished *Morris*, Doc. No. 73 at 6–7, the R&R correctly finds it is not applicable. First, the R&R correctly identifies that *Morris* does not bind the Court. Doc. No. 75 at 7. Moreover, it is readily distinguishable.

The R&R is correct in not addressing Duranske's performance or whether Morales suffered prejudice, because no official plea offer was ever made. Doc. No. 75 at 7. Certainly, there was no acceptance of any plea offer or deal. Duranske's testimony and the late-file supplemental emails are nothing more than what Duranske characterized them to be: informal, preliminary negotiations. Not a "firm offer." Defendant himself acknowledged that he did not receive a formal plea offer. Doc. No. 75 at 8. He was persisting in his innocence and preparing for trial. The R&R correctly assesses that the record does not support Morales' contention that he received ineffective assistance of counsel as to his state court proceeding.

The R&R provides a final nail in the coffin when—even assuming for the sake of argument that defendant had shown that he received ineffective assistance of counsel— unlike *Morris*, there was absolutely no evidence of entanglement between federal and state prosecutors. *Id.* At most, there is evidence of state and federal task force officers jointly investigating the case. This is something the Eighth Circuit welcomes. *United States v. Leathers*, 354 F.3d 955, 960 (8th Cir. 2004). Defendant seems to make a lot of this point, Doc. No. 77 at 4–8, which carries little to no weight in its own cited Sixth Circuit case.

But this coordination is not the kind of federal and state prosecutorial entanglement at issue in *Morris*. Both the state and federal prosecutors exercised their own prosecutorial discretion.

Furthermore, even if Morales had walked in and taken the hypothetical plea in Beltrami County, he still would have been subject to the federal government bringing charges. Doc. No. 75 at 8; *see also Gamble v. United States*, 587 U.S. — (2019) (declining to overturn the longstanding dual-sovereignty doctrine). The defendant's reliance on *Red Bird* is distinguishable, Doc. No. 73 at 11–12, and unavailing. And there simply is no prejudice to the defendant. He knew that the federal government could charge him, and it did. At no time did the defendant plead guilty or indicate that he would. Defendant's arguments to overturn the R&R are speculative and fail to address the facts in the record.

The R&R correctly finds that *Morris* is plainly distinguishable from the present case. There is no basis to dismiss the defendant's indictment. Therefore, the R&R should be adopted.

Dated: July 12, 2019                         Respectfully Submitted,

                                             ERICA H. MacDONALD
                                             United States Attorney

                                             *s/Laura M. Provinzino*
                                             BY: LAURA M. PROVINZINO
                                             Assistant United States Attorney
                                             Attorney ID No. 0329691